## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

### CASE NO. 13-21777-CIV-KING

TRANSPORTES AEREOS BOLIVIANOS

     Plaintiff,

v.

WORLD AVIATION SUPPLIER, INC, et al.,

     Defendants,

v.

PATRIOT AVIATION SERVICES,

     Third Party Defendant.

_____/

### ORDER GRANTING MOTION TO DISMISS THIRD PARTY COMPLAINT

**THIS MATTER** comes before the Court upon Third Party Defendant Patriot

Aviation Services' ("Patriot Aviation") Motion to Dismiss Third Party Complaint (the

"Motion") (DE 33), filed on October 30, 2013. In the Motion, Patriot Aviation seeks the

dismissal of both counts of Defendant / Third Party Plaintiff World Aviation Supplier,

Inc.'s ("World Aviation") Third Party Complaint, which is contained in World Aviation's

Answer (DE 5) to Transportes Aereos Bolivianos' ("TAB") Complaint (DE 1). World

Aviation failed to file any response to Patriot Aviation's Motion. The Court, being fully

briefed on the matter, finds that the Motion should be granted and World Aviation's

Third Party Complaint should be dismissed without prejudice.

# I. BACKGROUND[1]

On May 17, 2013, Plaintiff TAB filed a six-count Complaint against Defendant World Aviation, alleging claims related to World Aviation's breach of a contract for the repair of two aircraft engines. World Aviation has, in turn, filed a Third Party Complaint against Patriot Aviation, which alleges that Patriot Aviation was subcontracted to perform the repairs on behalf of World Aviation, and that Patriot Aviation must therefore indemnify World Aviation for any damages TAB recovers in its breach of contract claim. TAB is a foreign corporation in the business of commercial cargo transport, licensed to do business in the state of Florida; World Aviation is a Florida corporation in the business of, *inter alia*, repairing aircraft engines; Patriot Aviation is certified by the Federal Aviation Administration to repair aircraft engines.

## II. LEGAL STANDARD

The Motion to Dismiss alleges that the Third Party Complaint fails federal pleading standards and should be dismissed, under Rule 12, for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12. Rule 8 requires that a complaint include a "short and plain statement" demonstrating that the claimant is entitled to relief. Fed R. Civ. P. 8. To survive a Rule 12(b)(6) motion, a complaint must include "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663, (2009). As a

---

[1] The allegations of World Aviation's Third Party Complaint are sparse. This background, therefore, incorporates certain facts as alleged in TAB's Complaint (DE 1).

corollary, allegations absent supporting facts are not entitled to this presumption of veracity. *Id.* at 681.

When evaluating a motion to dismiss, the Court must take all of the well-pled factual allegations as true. *Iqbal*, 556 U.S. at 664. However, the Court's duty to accept the factual allegations in the complaint as true does not require it to ignore specific factual details "in favor of general or conclusory allegations." *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1205-06 (11th Cir. 2007). And, where documents considered part of a pleading "contradict the general and conclusory allegations" of the pleading, the document governs.[2] *Id.* If the Court identifies such conclusory allegations, it must then consider whether the remaining allegations "plausibly suggest an entitlement to relief." *See Iqbal*, 556 U.S. at 681. The Court must dismiss a complaint that does not present a plausible claim entitled to relief.

## III.   DISCUSSION

World Aviation's Third Party Complaint alleges claims against Patriot Aviation for indemnity (Count I) and replevin (Count II). Patriot Aviation has moved to dismiss both counts for failure to state a claim upon which relief can be granted pursuant to Rule 12 of the Federal Rules of Civil Procedure.

---

[2] Furthermore, "where the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal, and the defendant's attaching such documents to the motion to dismiss will not require conversion of the motion into a motion for summary judgment." *Brooks v. Blue Cross and Blue Shield of FL, Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997).

## A. Count I

To state a claim for indemnity under Florida law, a plaintiff must allege "(1) the party seeking the indemnity is without fault; (2) the indemnity is only from the party at fault; and (3) a special relationship between the parties." *Zurich Am. Ins. Co. v. Hi-Mar Specialty Chems., LLC*, No. 08-80255, 2010 WL 298392, at *2 (S.D. Fla. Jan. 19, 2010) (citing *Dade County Sch. Bd. V. Radio Station WQBA*, 731 So. 2d 638, 642 (Fla. 1999).

It is plain from the allegations of the Third Party Complaint that World Aviation has failed to allege the existence of a special relationship between itself and Patriot Aviation. In conclusory fashion, the allegations discuss the existence of a contract for the repair of the engines by and between TAB and World Aviation, and that "Patriot [Aviation] was subcontracted for the repairs to be completed at Patriot [Aviation]'s facility," but fail to allege privity of contract, or any other special relationship, between World Aviation and Patriot Aviation.[3] Accordingly, World Aviation's claim for indemnity is dismissed without prejudice.

## B. Count II

In Florida, the requisite allegations to properly state a claim for replevin are dictated by statute. *See* §78.055, Fla. Stat. (2012); *Al Hakim v. Holder*, 787 So. 2d 939,

---

[3] *See, e.g.* DE 5, ¶ 9 ("Under the purported Agreement between TAB and [World Aviation], TAB's engine was to [sic] repaired at Patriot [Aviation]'s facility, thus Patriot was subcontracted for the repairs to be completed at Patriot [Aviation]'s facility, thus there is a duty imposed on Patriot [Aviation] to not perform its work in a substandard manner, and a duty imposed on Patriot [Aviation] to not allow TAB to unilaterally pick up TAB's engine which was under the authority and care of [World Aviation] until the completion of the engine repair work.")

941 (Fla. 2d DCA 2001). Count II fails to allege any of the requisite allegations.

Accordingly, Count II is dismissed without prejudice.

## IV.    CONCLUSION

Accordingly, after careful consideration and the Court being otherwise fully advised, it is **ORDERED**, **ADJUDGED**, and **DECREED** that the Motion to Dismiss Third Party Complaint (**DE 33**) be, and the same is, hereby **GRANTED**. All claims are **DISMISSED without prejudice** as to Third Party Defendant Patriot Aviation Services, LLC. Should it elect to do so, Third Party Plaintiff World Aviation Supplier, Inc. shall file an amended Third Party Complaint within **twenty (20) days** of the date of this Order.

**DONE AND ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 4th day of December, 2013.

JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

**Cc: All Counsel of Record**