UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 13-21777-CIV-KING

TRANSPORTES AEREOS BOLIVIANOS,

    Plaintiff,

v.

WORLD AVIATION SUPPLIER, INC, and
PHILIP L. RAIA,

    Defendants,

_____/

## ORDER GRANTING IN PART MOTION TO DISMISS

**THIS MATTER** comes before the Court upon Defendant Philip Raia's Motion to Dismiss Plaintiff's First Amended Complaint (DE 49) filed January 21, 2014. In the Motion, Defendant alleges that Counts III and IV of the Complaint (DE 1) fall short of federal pleading standards and ought to be dismissed pursuant to Rule 12 of the Federal Rules of Civil Procedure. The Court, being fully briefed on the matter,[1] finds that the Motion should be granted in part.

### I. BACKGROUND

On January 2, 2014, Plaintiff Transportes Aereos Bolivianos ("TAB") filed its First Amended Complaint (DE 48) against Defendants World Aviation Supplier, Inc.

---

[1] The Court has also considered Plaintiff's Response to Defendant's Motion to Dismiss (DE 52), filed February 10, 2014, and Defendant's Reply (DE 53), filed February 21, 2014.

1

("World Aviation") and Philip Raia, alleging claims related to Defendants' breach of contracts for the repair of two aircraft engines.[2] TAB is a foreign corporation in the business of commercial cargo transport, licensed to do business in the state of Florida; World Aviation is a Florida corporation in the business of, *inter alia*, repairing aircraft engines; Philip Raia is the chief executive officer of World Aviation.

On September 18, 2012, Plaintiff hired World Aviation to facilitate the repairs of a certain aircraft engine by a Federal Aviation Administration ("FAA") certified repair station.[3] Sometime in early 2013, after two delays and two increases from the initial repair quotation, TAB received the engine back from World Aviation but World Aviation failed to provide TAB with documentation certifying the repairs were completed to FAA standards by a FAA-certified repair station. Based on these facts, TAB alleges claims against World Aviation for breach of contract (Count I) and unjust enrichment (Count II), and a claim against Philip Raia for fraud in the inducement (Count III).

Additionally, Plaintiff alleges that it delivered a second engine to World Aviation in August of 2012,[4] also for the purpose of being repaired, or for World Aviation "to have it repaired," and that World Aviation has failed to repair it and refuses to return it. Based on these facts, Plaintiff states claims against World Aviation and Philip Raia for replevin (Count IV).

---

[2] The engines are General Electric CF6-50C2 gas turbine engines, with engine serial numbers ("ESN") 455736 and 517727, respectively. (DE 48, ¶¶ 12-13).
[3] ESN 455736.
[4] ESN 517727.

2

## II. LEGAL STANDARD

Rule 8 requires that a complaint include a "short and plain statement" demonstrating that the claimant is entitled to relief. Fed R. Civ. P. 8. To survive a Rule 12(b)(6) motion, a complaint must include "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663, (2009). As a corollary, allegations absent supporting facts are not entitled to this presumption of veracity. *Id.* at 681.

When evaluating a motion to dismiss, the Court must take all of the well-pled factual allegations as true. *Iqbal*, 556 U.S. at 664. However, the Court's duty to accept the factual allegations in the complaint as true does not require it to ignore specific factual details "in favor of general or conclusory allegations." *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1205-06 (11th Cir. 2007). And, where documents considered part of a pleading "contradict the general and conclusory allegations" of the pleading, the document governs.[5] *Id.* If the Court identifies such conclusory allegations, it must then consider whether the remaining allegations "plausibly suggest an entitlement to relief."

---

[5] Furthermore, "where the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal, and the defendant's attaching such documents to the motion to dismiss will not require conversion of the motion into a motion for summary judgment." *Brooks v. Blue Cross and Blue Shield of FL, Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997).

*See Iqbal,* 556 U.S. at 681. The Court must dismiss a complaint that does not present a plausible claim entitled to relief.

### III. DISCUSSION

The Motion to Dismiss alleges that Counts III and IV of the First Amended Complaint fail federal pleading standards and should be dismissed, under Rule 12, for failure to state a claim upon which relief can be granted. The Court agrees in part.

#### A. Count III – Fraud in the Inducement

Defendant argues that Count III should be dismissed because Plaintiff has failed to allege the existence of a contract between Plaintiff and Defendant. To state a claim for fraud in the inducement, a plaintiff must plead:

> (1) precisely what statements were made in what documents or oral representations or what omissions were made, (2) the time and place of each such statement and the person responsible for making (or in the case of omissions, not making) same, (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.

*Brooks v. Blue Cross and Blue Shield of Fla., Inc.,* 116 F.3d 1364, 1371 (11th Cir. 1997). Plaintiff has adequately alleged each of the elements described above, and Defendant is not entitled to the relief requested with respect to Count III.

#### B. Count IV - Replevin

In Florida, the requisite allegations to properly state a claim for replevin are dictated by statute. *See* §78.055, Fla. Stat. (2012); *Al Hakim v. Holder,* 787 So. 2d 939, 941 (Fla. 2d DCA 2001). Plaintiff has failed to describe the source of its title or right to

4

the engine,[6] to attach a copy of the written instrument demonstrating such title or right, if the basis of such title or right is a written instrument, and the ostensible "cause of . . . detention" of the engine, as required by §78.055(2) and §78.055(3), Fla. Stat. Accordingly, IV is dismissed without prejudice.

## IV.   CONCLUSION

Accordingly, after careful consideration and the Court being otherwise fully advised, it is **ORDERED, ADJUDGED,** and **DECREED** that Defendant Philip L. Raia's Motion to Dismiss Plaintiff's First Amended Complaint **(DE 49)** be, and the same is, hereby **GRANTED IN PART** as follows:

1. Counts IV is **DISMISSED without prejudice** as to Defendant Philip L. Raia.

2. Should Plaintiff elect to do so, it shall file an Amended Complaint within **twenty (20) days** of the date of this Order.

**DONE AND ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 20th day of May, 2014.

/s/ James Lawrence King
JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

**Cc: All Counsel of Record**

---

[6] ESN 517727.

5