UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:13-cv-21777-JLK

TRANSPORTES AEREOS BOLIVIANOS,
A Foreign Corporation.
        Plaintiff,

v.

WORLD AVIATION SUPPLIER, INC.,
A Florida Corporation, and PHILIP L. RAIA,
an Individual,
        Defendants
_____/

Civil Division

**MEMORANDUM OPINION
CONTAINING FINDINGS OF
FACT, CONCLUSIONS OF
LAW & DEFAULT JUDGMENT**

JAMES LAWRENCE KING, U.S. DISTRICT JUDGE

       This action came before the Court on November 14, 2014 for Final Pretrial Conference pursuant to the Court's scheduling order dated June 21, 2013 [ECF No. 6]. Counsel for Plaintiff appeared at the Final Pretrial Conference. Counsel for Defendants did not appear.

## I. **FINDINGS OF FACT**

A. From the record and pleadings, the Court finds the following facts to be uncontested:

      1.    On the morning of the Final Pretrial Conference, counsel for Defendants filed a Motion to Withdraw as counsel [ECF No. 61].

      2.    Neither the Defendants nor Defendants' counsel attended the Final Pretrial Conference

      3.    The motion to withdraw cited counsel's continuing serious health problems, which were "especially acute during January 2014, June 2014, and August 2014".

4.      Counsel did not move to withdraw at any time prior to the Final Pretrial Conference. His health problems were long-standing and earlier withdrawal would have been both timely and warranted.

5.      Counsel for Defendants took very little action to litigate this action or comply with discovery obligations from the outset of the case to the date of the Motion to Withdraw.

6.      The Plaintiff filed four Motions to Compel [ECF Nos. 14, 30, 42 and 57]. Defendants continued to ignore their discovery obligations [ECF No. 59].

7.      Defendant Philip L. Raia did not answer the First Amended Complaint after the Court ruled on his Motion to Dismiss [ECF No. 56].

8.      The Defendants failed to comply with Local Rule 16.1 and this Court's Scheduling Order by failing or refusing to participate in preparation of the Joint Pretrial Stipulation.

9.      The Defendants failed to comply with Local Rule 16.1 and this Court's Scheduling Order by failing to appear at the Final Pretrial Conference.

10.     Defendants' counsel is not authorized to practice law in the State of Florida. Such disqualification prohibits counsel from representing Defendants in this case.

## II. CONCLUSIONS OF LAW

1.      Federal Rule of Civil Procedure 16 (f)(1) authorizes this Court, on a motion or on its own, to sanction Defendants by striking Defendants' pleadings and entering default judgment against the Defendants. *Goforth v. Owens, 766 F. 2d 1533, 1535 (11th Cir. 1985).*

2

2.     In addition to those sanctions, the Court must order the Defendants to pay the reasonable expenses, including attorney's fees, of the Plaintiff. *Fed. R. Civ. Proc. 16 (f)(2)*.

3.     The failure of Defendants to comply with the Court's Scheduling Order and Local Rule 16.1 authorizes the striking of defenses and entry of default judgment on the Plaintiff's claims against Defendants. *Local Rule 16.1 (l)*.

4.     The Defendants' failure to join in the preparation of the required Joint Pretrial Stipulation and to appear at the Final Pretrial Conference authorize entry of default judgment against Defendants World Aviation Supplier, Inc. and Philip L. Raia. *Fed. R. Civ. Proc. 16(f)(1)*.

## III. ORDER

In consideration of the foregoing, it is **ORDERED, ADJUDGED and DECREED**:

1.     The Answer, Affirmative Defenses and Counterclaims of Defendant World Aviation Supplier, Inc. [D.E. No. 50] are stricken.

2.     The pleadings and defenses filed by Defendant Philip L. Raia are stricken.

3.     Default judgment is entered against Defendant World Aviation Supplier, Inc. and in favor of Plaintiff Transportes Aereos Bolivianos as to Count I, Breach of Contract.

4.     Default judgment is entered against Defendant World Aviation Supplier, Inc. and in favor of Plaintiff Transportes Aereos Bolivianos as to Count II, Unjust Enrichment.

5.     Default judgment is entered against Defendant Philip L. Raia and in favor of Plaintiff Transportes Aereos Bolivianos as to Count III, Fraud in the Inducement.

6.      Plaintiff shall submit sworn affidavit substantiating the Plaintiff's damages as to Counts I, II, and III of the First Amended Complaint, **within twenty (20) days** of entry of this Order.

7.      The Plaintiff is entitled to recover reasonable expenses, including attorneys' fees. The attorney for the Plaintiff shall file its motion for costs and fees **within twenty (20) days** of this Order.

8.      This court retains jurisdiction for the purposes of entering damages and an award of attorney's fees, costs and final judgment.

DONE AND ORDERED in Chambers at the James Lawrence King Federal Justice Building and United States District Courthouse, Miami, Florida, on this 24th day of November, 2014.

JAMES LAWRENCE KING
UNITED STATES DISTRICT COURT

cc:    **All counsel of record**